FILED
2011 Nov-18 PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARRY C. HIGGINBOTHAM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    2:11-cv-03904-LSC |
| | ) |
| CITY OF PLEASANT GROVE, et al., | ) |
| | ) |
|     Defendants. | ) |

MEMORANDUM OF OPINION

The Court has for consideration the *pro se* Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2), which was filed in conjunction with a Complaint (Doc. 1). Congress requires this Court to review the Complaint and dismiss this case, notwithstanding any filing fee, "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

*Pro se* plaintiffs are "subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). While the Court is required to show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite

an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). The Federal Rules of Civil Procedure require pleadings that state a claim for relief to contain:

> 1) a *short and plain* statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> 2) a *short and plain* statement of the claim showing that the pleader is entitled to relief; and
> 3) a demand for the relief sought, which may include relief in the alternative or difference types of relief.

Fed. R. Civ. P. 8 (2011) (emphasis added). Rule 8 also requires that "[e]ach allegation be *simple*, *concise, and direct*." *Id*. (emphasis added). The U.S. Supreme Court has explained that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. Moreover, a plaintiff must make clear what facts support which claims for relief against *each* defendant. "The failure to identify claims with sufficient clarity to enable the defendant[s] to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075,

1129-30 (11th Cir. 2001)).

Plaintiff's Complaint constitutes an unacceptable "shotgun" pleading that fails to state a claim against any defendant. Plaintiff's 58-page Complaint names 24 purported defendants. "Count One," alone, comprises over eight pages of allegations, single-spaced; names approximately eighteen defendants; and cites around thirteen provisions of United States and Alabama law, both civil and criminal. It is impossible to ascertain the legal claims being alleged against each defendant, let alone what facts support each of those claims.

For these reasons, Plaintiff's motion to proceed *in forma pauperis* is DENIED, and the above-entitled action will be DISMISSED without prejudice. A separate order will be entered.

Done this 18th day of November 2011.

                                        L. SCOTT COOGLER
                             UNITED STATES DISTRICT JUDGE
                                                 139297